United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30103
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAMIE SMITH,
also known as Papoose,
also known as Pap,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50070-2
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jamie Smith appeals his conviction and 360-month sentence
for conspiracy to possess with intent to distribute specified
quantities of cocaine and crack cocaine, and an unspecified
amount of marijuana and ecstasy.  He contends that his sentence
was improperly increased under *Blakely v. Washington*, 124 S. Ct.
2531, 2537 (2004), due to relevant-conduct drug quantity and his
role in the conspiracy, factors not specifically alleged in his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment.  As he concedes, this contention is foreclosed by *United States v. Pineiro*, 377 F.3d 464, 466 (5th Cir. 2004), *petition for cert. filed*, (U.S. July 14, 2004) (No. 04-5263).

Smith also contends that his sentence was improperly increased due to prior felony convictions that were not alleged in his indictment.  As Smith concedes, this contention is also foreclosed.  *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Smith contends that a $100 special assessment was wrongly imposed on Count 24 of his indictment.  The Government concedes that Count 24 is not a count of conviction but that it merely advised Smith of the possibility of an increased sentence based on a prior state felony conviction.  *See* 21 U.S.C. § 851; 18 U.S.C. § 3013(a).

The judgment is AFFIRMED in all respects except for the imposition of the $100 special assessment on Count 24.  That part of the judgment is MODIFIED to reflect a conviction on Count 1 only and a special assessment of only $100.  Any money paid by Smith toward the erroneous special assessment should be refunded.

AFFIRMED IN PART; MODIFIED IN PART.