United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30103
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE SMITH, also known as Papoose, also known as Pap,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:01-CR-50070-2

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Jamie Smith. United States v. Smith, 111 Fed. Appx. 280 (5th Cir. 2004) (per curiam) (copy at R. 1, 295-96). The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). Smith v. United States, 125 S. Ct. 1063 (2005). This court requested and received supplemental letter briefs addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith contends there is Sixth Amendment error under <u>Booker</u> because the district court, rather than a jury, made findings regarding his role in the offense and the quantity of drugs attributable to him.  To the extent his sentence could have been based solely on his career-offender status, he contends that the district court erred by applying the guidelines as mandatory.

Smith concedes, and the record confirms, that he did not preserve his <u>Booker</u> issues by objection in the district court. Accordingly, his contentions are reviewed only for plain error. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517).

To establish plain error, Smith must show (1) an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993); <u>Mares</u>, 402 F.3d at 520.  "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  <u>Mares</u>, 402 F.3d at 520 (internal quotation marks omitted).  To satisfy the third part of the test Smith must demonstrate that the sentence "would have likely been different had the judge been sentencing under the <u>Booker</u> advisory regime rather than the pre-<u>Booker</u> mandatory regime."  <u>See</u> <u>id.</u> at 521-22.

If Smith's sentence were deemed to be based on his career-offender status alone, the principles of <u>Booker</u> would not apply. See <u>United States v. Guevara</u>, __F.3d__. No. 03-11299, 2005 WL 1009772, *6 (5th Cir. May 2, 2005).  Nonetheless, to the extent the court applied the guidelines as mandatory or based Smith's sentence on its own determination of the relevant drug quantity and Smith's role in the offense, the court committed errors that were clear and obvious.  See <u>Valenzuela-Quevedo</u>, 407 F.3d at 733; <u>Mares</u>, 402 F.3d at 521.

With respect to the third part of the test, Smith points to the sentencing court's explicit intention to impose the minimum sentence as proof that the court would have imposed a lesser sentence under advisory guidelines.  Imposition of the minimum guidelines sentence does not establish that the court would have imposed a lesser sentence.  <u>United States v. Bringier</u>, 405 F.3d 310, 317 (5th Cir. 2005).  Moreover, the sentencing judge stated that a 30-year sentence reflects the seriousness of the offense and Smith's criminal history.  The court's statement suggests that it would not have imposed a sentence of less than 360 months under advisory guidelines.  Smith fails to demonstrate plain error.

The judgment is AFFIRMED in all respects except for the imposition of a $100 special assessment on Count 24.  As in our prior opinion, that part of the judgment is MODIFIED to reflect a conviction on Count 1 only and a special assessment of only $100.

Any money paid by Smith toward the erroneous special assessment should be refunded.

AFFIRMED IN PART; MODIFIED IN PART.